**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-03371-REB-KMT

E-TECH USA, INC., a Delaware corporation, for itself and as assignee of ISIDOREY
LLC, EUROTECH, S.P.A., an Italian joint stock company, and
EUROTECH, INC., a Maryland corporation,

    Plaintiffs,

v.

KYLE ROCHE, and individual,
DIRK HUSSELMAN, an individual,
CHRISTOPHER CHIAPPONE, an individual,
2LEMETRY, LLC, a California limited liability company, and
DOES 1-10,

    Defendants.

## ORDER RE: DEFENDANTS' MOTION TO DISMISS

**Blackburn, J.**

The matter before me is defendant **Defendants' Motion To Dismiss** [#17][1] filed

February 22, 2012.  I grant the motion in part and deny it in part.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal

question) and 1367 (supplemental jurisdiction).

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), I must

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  For many years "courts followed the axiom that dismissal is only appropriate where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  Noting that this standard "has been questioned, criticized, and explained away long enough," the Supreme Court supplanted it in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).  Pursuant to the dictates of *Twombly*, I now review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1974).  "This pleading requirement serves two purposes:  to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim."  *Kansas Penn Gaming*, 656 F.3d at 1215 (citation and internal quotation marks omitted).

As previously, I must accept all well-pleaded factual allegations of the complaint as true.  *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002).  Contrastingly, mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not be sufficient to defeat a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, – , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and internal

quotation marks omitted).  *See also Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (quoting *Twombly*, 127 S.Ct. at 1974) (internal citations and footnote omitted).  Moreover, to meet the plausibility standard, the complaint must suggest "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.  *See also Ridge at Red Hawk*, 493 F.3d at 1177 ("[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.") (emphases in original).  For this reason, the complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Kansas Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 127 S.Ct. at 1965).  The standard will not be met where the allegations of the complaint are "so general that they encompass a wide swath of conduct, much of it innocent." *Robbins*, 519 F.3d at 1248.  Instead "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

      The nature and specificity of the allegations required to state a plausible claim will vary based on context and will "require[] the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950; *see also Kansas Penn Gaming*, 656 F.3d at 1215.  Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of

those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III. ANALYSIS

This lawsuit arises from plaintiffs' failed investment in a now-defunct limited liability company, Isidorey LLC ("Isidorey"). In late 2009, the individual defendants allegedly approached plaintiff E-Tech USA, Inc. ("E-Tech"), to invest in the formation of an LLC to "develop and market 'machine to cloud' computing infrastructure technology products and services ('Software Technology')." (**Complaint** ¶ 10 at 3 [#1], filed December 23, 2011.) E-Tech agreed to invest $600,000 in the venture, and it and the individual defendants became the members of the LLC.

Despite initial assurances that this initial investment would be sufficient to get the company up and running within twelve months, the individual defendants later sought additional money from E-Tech in order to keep Isidorey solvent.[2] Nevertheless, on August 26, 2011, the individual defendants allegedly resigned their positions with Isidorey and unilaterally shut down the company. Plaintiffs allege that, prior to their departure, the individual defendants had placed "valuable and proprietary Software Technology source code, trade secrets and other proprietary and confidential information of Isidorey" in a second software repository which they controlled. Plaintiffs further allege that defendants prevented Isidorey from receiving full compensation for software programs and other products created within the scope of their employment

---

[2] In all, E-Tech invested some $1.35 million in Isidorey between February 2010 and August 2011.

with Isidorey for third-party clients of the company. Finally, plaintiffs claim the individual defendants took computers and other property belonging to Isidorey when they left the company, including several domain names that allegedly incorporate various of plaintiffs' trademarks.

The following month, the individual defendants formed a new entity, defendant 2lemetry, LLC, which also provides cloud computing services. Plaintiffs allege that the products and services offered by 2lemetry are derived from or identical to Isidorey's Software Technology. Some or all of the employees of 2lemetry are former Isidorey employees, and plaintiffs allege that the individual defendants have solicited and/or performed services for former clients and customers of Isidorey. Defendants now seek to dismiss plaintiffs' claims for violation of the Colorado Uniform Trade Secrets Act, §§7-74-101 - 7-74-110, C.R.S., breach of fiduciary duty, breach of contract, unjust enrichment, conversion, conspiracy, and aiding and abetting pursuant to Fed. R. Civ. P. 12(b)(6).

Considering the allegations of the complaint in light of the apposite standard of review, and being apprised of the legal arguments raised by and authorities cited in the motion, the response, and the reply, I find that the complaint adequately sets forth facts sufficient to state claims for relief that are plausible on their face, with one exception, discussed more fully below. In all other particulars, however, the motion to dismiss for failure to state a claim will be denied.

When Isidorey was dissolved, the parties executed an Agreement for Dissolution, which provided, *inter alia*, that the individual defendants would

>     waive and renounce any claim to salaries or severance pay
>     and, in consideration of that waiver *are released from any
>     non-compete, non-solicitation or other obligations of that
>     type under any agreements with the Company*, all of which
>     agreements are cancelled.

(**Def. Motion App.**, Exh. 2 at ¶ 2 at 1 (emphasis added).)  Given the breadth of this release, it is clear that plaintiffs cannot maintain a cause of action against defendants for breach of any of their contractual agreements, and to that extent, the motion to dismiss will be granted.[3]

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion To Dismiss** [#17], filed February 22, 2012, is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. That the motion is **GRANTED** with respect to plaintiffs' Seventh Claim for Relief (Breach of Contract), and that claim is **DISMISSED WITH PREJUDICE**;

   b. That in all other respects, the motion is **DENIED**; and

2. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant,s Kyle Roche, an individual; Dirk Husselman, an individual; and Christopher Chiappone, an individual, against plaintiffs, E-Tech USA, Inc., a Delaware corporation, for itself and as assignee of Isidorey LLC; Eurotech S.P.A., an Italian joint stock company; and Eurotech, Inc., a Maryland corporation, on plaintiffs' Seventh Claim for

---

[3] However, the allegations of the complaint are sufficient to suggest that other statutory or common law sources of liability may give rise to plaintiffs' claims for breach of fiduciary duty, conspiracy, and aiding and abetting.  *See, e.g.*, §7-80-404, C.R.S. (setting forth duties of members of limited liability company).  *See also L-3 Communications Corp. v. Jaxon Engineering & Maintenance, Inc.*, 2012 WL 1020516 at *16 (D. Colo. March 27, 2012).  *T.A. Pelsue Co. v. Grand Enterprises, Inc.*, 782 F.Supp. 1476, 1485 (D. Colo. 1991).

Relief (Breach of Contract); provided, that the judgment as to this claim shall be with prejudice.

Dated May 15, 2012, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge