IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03371-REB-KMT

E-TECH USA, INC., a Delaware corporation, for itself and as
    assignee of ISIDOREY LLC,
EUROTECH S.P.A., an Italian joint stock company,
EUROTECH, INC., a Maryland corporation,

    Plaintiffs,

v.

KYLE ROCHE, an individual;
DIRK HUSSELMAN, an individual,
CHRISTOPHER CHIAPPONE, an individual,
2LEMETRY, LLC, a California limited liability company; and
DOES 1-10,

    Defendants.
_____

**PROTECTIVE ORDER**
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information, which are disclosed or exchanged in this litigation pursuant to

the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. The term "Producing Party" is a party or non-party that produces material in this action.

4. The term "Designating Party" in this Protective Order means any party or non-party that designates information, documents, or things that it produces in disclosures or in responses to discovery as CONFIDENTIAL or ATTORNEYS EYES ONLY.

5. The term "Receiving Party" is a party that receives material from a Producing Party and/or Designating Party.

6. The term "source code" in this Protective Order means one or more computer programs or sub-programs that are written in a human readable computer language.

7. Information designated "CONFIDENTIAL" shall be information that the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

8.   CONFIDENTIAL documents, materials, and/or information shall not, without the consent of the Producing Party or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)   persons who appear on the face of designated material as an author, addressee or recipient thereof;

(b)   outside counsel of record;

(c)   persons regularly employed by outside counsel of record whose assistance is required by said counsel in preparation for trial, at trial, or at other proceedings in this case;

(d)   officers, directors and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER" (Exhibit A);

(e)   expert witnesses and consultants retained in connection with this proceeding who have signed the "ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER" (Exhibit A), to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(f)   the Court and its employees;

(g) any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff;

(h) stenographic reporters who are engaged in proceedings in this action;

(i) professional vendors and their staffs to which disclosure is reasonably necessary for this litigation;

(j) deponents, witnesses, or potential witnesses to whom disclosure is reasonably necessary and who have signed the "ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER" (Exhibit A); and

(k) other persons by written agreement of the parties.

9. Information designated "ATTORNEYS EYES ONLY" shall be information that is CONFIDENTIAL, as defined above and, in addition, contains trade secret or other proprietary or commercially sensitive information that, if viewed by competitors, other participants in the industry in which Plaintiffs and Defendants operate, or the public at large, may be detrimental to the Producing Party's business or potential business interests.

10. ATTORNEYS EYES ONLY documents, materials, and/or information shall not, without the consent of the Producing Party or further Order of the Court, be disclosed except that such information may be disclosed those listed below:

      (a)    persons who appear on the face of the designated material as an author, addressee or recipient thereof;

      (b)    outside counsel of record;

      (c)    expert witnesses and consultants retained in connection with this proceeding who (i) are not past, current or anticipated employees of a Party or current or anticipated employees of a known competitor of a Party for "machine to cloud" computing infrastructure technology products and services (for the purposes of this provision, an "anticipated" employee is any individual who has applied for a position with, is in negotiations with, or otherwise has specific reason to believe that he or she may become an employee) and (ii) have signed the "ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER" (Exhibit A), to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      (d)    witnesses at deposition and/or at trial who are current employees of the Producing Party;

      (e)    the Court and its employees;

      (f)    any designated arbitrator or mediator who is assigned to hear this matter, and his or her staffs;

      (g)    court reporters; and

      (h)    professional vendors and their staffs to which disclosure is reasonably necessary for this litigation;

11.    <u>Production of Source Code:</u>  Any source code produced in this action on an ATTORNEYS EYES ONLY basis shall be made available for

inspection in a format through which it may be reasonably reviewed and searched during normal business hours or other mutually agreeable times on a secured computer at either (a) an office of the Producing Party's counsel of record, (b) at the Receiving Party's election, a secured third party site (e.g., a law firm or third party escrow service) that is selected by the Producing Party and is located within 100 miles of the Receiving Party's expert witness (or, at the election of the Receiving Party, within 100 miles of the Receiving Party's counsel), or (c) another mutually agreed location.  The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device or in any other manner.  The Receiving Party (including all experts or outside consultants retained who may review source code under this Protective Order) may use and, to the extent necessary, load onto the secured computer(s), searching or analytical tools for source code inspection, as long as the searching or other analytical tools are disclosed by the Receiving Party at least five (5) business days in advance of the inspection; provided, however, that the Producing Party reserves all objections to any such searching or analytical tools.  Should the Receiving Party wish to create a backup copy of the source code, it may only do so on the stand alone computer(s) used for review.  The searching or analytical tools may annotate, number the lines of, and label the pages of, the backup copy of the source code.  Any backup copies will remain on the stand alone computer(s) and be subject to all of the provisions of this Protective Order.  The Receiving Party is permitted to

6

use a laptop computer to take notes, record observations, etc., so long as the laptop computer is never connected to the stand-alone computer(s) and is not used to record the source code itself. The Receiving Party shall be allowed to request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, expert reports or other papers or for deposition or trial, but shall not request paper copies for purposes of reviewing the source code elsewhere instead of reviewing it electronically as set forth in this Paragraph.

12. Prior to disclosing any CONFIDENTIAL or ATTORNEYS EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, court personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. Those written acknowledgements shall appear in the form of the "ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER" attached hereto as Exhibit A. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

13. Documents are designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by placing or affixing on them (in a manner that will not interfere

with their legibility) the following or other appropriate notice: "CONFIDENTIAL," or "ATTORNEYS EYES ONLY."

14. Whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEYS EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL and/or ATTORNEYS EYES ONLY, and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL and/or ATTORNEYS EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

15. A party may at any time object to the designation of particular CONFIDENTIAL and/or ATTORNEYS EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or ATTORNEYS EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL, ATTORNEYS EYES ONLY and/or ATTORNEYS EYES ONLY-SOURCE CODE under the terms of

this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEYS EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or ATTORNEYS EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL and/or ATTORNEYS EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL and/or ATTORNEYS EYES ONLY.

16. An inadvertent failure to designate qualified information, documents, or things as CONFIDENTIAL or ATTORNEYS EYES ONLY does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. As quickly as practicable upon discovery of an inadvertent failure to designate, a Designating Party may notify the Receiving Party that the Material is to be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY. Upon receipt of such notice, the Receiving Party shall make reasonable efforts to assure that the material is treated in accordance with the terms of this Protective Order, subject to the right to challenge the propriety of such designation(s) as provided in paragraph 13 above.

17. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL, or ATTORNEYS EYES ONLY material to any person or in any circumstance not authorized under this Order, the Receiving Party must

immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER," attached hereto as Exhibit A.

18. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL and/or ATTORNEYS EYES ONLY shall be returned to the party that designated it as such, or the parties may elect to destroy such materials. Where the parties agree to destroy the materials, the destroying party shall provide all parties with an affidavit confirming the destruction.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this __2nd__ day of August, 2012.

BY THE COURT:

_____
United States Magistrate Judge
**Kathleen M. Tafoya**
**United States Magistrate Judge**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

## BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado, on _____, 2012 [date] in the case of *E-Tech USA, Inc., et al. v. Roche, et al.*, Civil Action No. 11-cv-03371-REB-KMT.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information, documents, or things that are subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____